THE STATE TREASURER *vs.* JAMES WHITAKER and others, his sureties.

*It seems* that the limitation of suits on collector's bonds, contained in sec. 4, of the act of limitation, extends to the bond of a collector of *state taxes, appointed by the state treasurer.*

·*It seems also,* that this limitation is available against a *judgment* confessed on such bond.

JUDGMENT d. s. b.    On the application of the sureties of Whitaker, a rule was obtained in this case to show cause why the judgment confessed against them should not be set aside.

The judgment was confessed on a bond and warrant of attorney to confess judgment, executed by the defendants, to the state treasurer, and conditioned (in the usual form,) that Whitaker, who had been appointed by the state treasurer a collector of a portion of the state taxes for the year 1831, should faithfully discharge his duty, &c.    The bond was dated May 2, 1831, and judgment was entered on it by confession October 3, 1835.

*Bates,* for defendants.    No action can be brought on the official bond of any collector, against either principal or sureties, after the expiration of three years from the accruing of the cause of such action.    *Digest 397.*    The collector of state taxes is *within this provision,* and his appointment being different from that of the collectors of county rates, does not make any difference.    The provision is in reference to collectors generally ; and embraces alike those appointed by the Levy Court and such as are appointed by the state treasurer.    He is not the agent of the state treasurer, but an officer of the law.    By the condition of his bond, the taxes were payable over on the 1st of November 1831 : the cause of action then accrued, and judgment was not entered until nearly four years afterwards, and when it was barred.

*Frame,* for state treasurer :

The state treasurer is responsible for the due collection and payment into the treasury of the taxes.    He is responsible, therefore, whether the taxes are collected or not.    " The state treasurer shall have power to appoint collectors under him to execute said warrants;" and the form of the appointment as prescribed by law is " I appoint —— —— of —— county, *my* collector to execute this warrant."    *Digest 57.*    ·He is, therefore, a mere agent of the state treasurer.    Again : The condition of his bond is not merely to pay over the taxes collected, but to perform his duty, to render an account, and to save harmless and indemnify the state treasurer against all his acts, negligences or defaults.    The judgment is for the penal-

ty, and there is no exception taken to the real debt endorsed. It is not admitted, nor shown, that this real debt is all on account of taxes collected; *non constat,* therefore, but it may be in part for not indemnifying or for not rendering an account; and there is no proof that such part of the cause of action had accrued more than three years before judgment entered. Again: the expression in the act of limitation is, that no action shall be *brought,* &c., after three years, &c. This is not an *action* brought, nor a *suit,* but a judgment rendered by confession on warrant of attorney. The limitation is confined to actions where pleas can be entered; it is a matter of defence to be set up by plea, and can only be applied to suits where plea can be made.

*Huffington,* for defendants:

The entry of judgment by confession on warrant of attorney, is an action. Action is a suit brought by one to recover his rights of another; action, therefore, and suit, are synonymous.

If the collector and his sureties are liable beyond *three* years, they are liable for *twenty.* Yet the state treasurer's own bond is barred in *three* years, and can it have been the intention of the legislature to make the collectors liable longer than the treasurer? the deputy liable to a greater extent than his principal? for they stand somewhat in this relation to each other. And the policy of the act is alike applicable to each. It is to put an end to suits, to compel promptness and vigilance in the enforcement of claims, especially against public officers; and, by insuring this promptness, to enable such officers to get sureties. For it greatly lessens the responsibility of sureties to have their principal called to an early account.

*Bates,* on same side:

The real debt endorsed is the amount of taxes which the collector was empowered to collect; it cannot, therefore, be for any thing else, or be for a breach of any other condition than that to pay over the taxes; the cause of action as to these arose or accrued in November, 1831.

[The case was compromised between the state treasurer and the sureties of the collector, four of the defendants in the judgment. The court discharged the rule, without deciding the questions raised, on condition that the state treasurer entered into an engagement not to make the debt out of the sureties. The application was on their behalf, and they assented to this arrangement.]

Black and Layton, *Justices,* were of opinion that the collector's bond was barred in three years after the cause of action accrued; that is, as to the taxes, the time fixed by the warrant for the pay-

ment of them over to the state treasurer. Chief Justice _Clayton_ had some doubts. No decision, however, on the points was made. (_a._)

_Bates_ and _Huffington_, in support of the rule.

_Frame_, contra.

(_a._) See post, June Term, 1838, in error.